Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| MARIELA MIRANDA TORRES<br><br>Peticionario<br><br>v.<br><br>FRANCISCO DEL RÍO FERRER, LYNNETTE TORRES TORRES, FRANCISCO DEL RÍO FERRER, PSC<br><br>Recurridos | TA2026CE00579 | *CERTIORARI* procedente de Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Civil núm.: AR2026CV00312 (403)<br><br>Sobre: Despido Injustificado (Ley núm. 80), Hostigamiento Sexual (Ley núm. 17), Procedimiento Sumario Bajo Ley núm.2 |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 13 de mayo de 2026.

Comparece ante este tribunal apelativo, la Sra. Mariela Miranda Torres (señora Miranda Torres o peticionaria) mediante el recurso de *certiorari* de epígrafe solicitándonos que revisemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI), el 29 de abril de 2026, notificada el mismo día. Mediante este dictamen, el foro primario declaró *No Ha Lugar* a la solicitud de descalificación del Lcdo. Félix Bartolomei Rodríguez instada por la peticionaria.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari* solicitado.

### I.

El 18 de febrero de 2026, la señora Miranda Torres incoó una *Querella* por despido injustificado y acoso laboral en contra de la corporación Francisco del Río Ferrer, PSC, de la Sra. Lynnette Torres

Torres y del Sr. Francisco del Río Ferrer, como supervisores, (en conjunto, la parte recurrida) y de la Aseguradora ABC. Mediante esta, se sometió al procedimiento sumario de reclamaciones laborales, al amparo de la Ley núm. 2 de 17 de octubre de 1961, *Ley de Procedimiento Sumario de Reclamaciones Laborales* según enmendada. 32 LPRA sec. 3118 *et. seq.*[1] Adujo que trabajó para la empresa desde diciembre de 2019 hasta el 28 de febrero de 2025 y que fue despedida, de manera injustificada, sin haber realizado una investigación adecuada de los hechos que motivaron su despido. Asimismo, manifestó que hubo en su contra un patrón de insultos y malos tratos, y se permitió un ambiente de acoso laboral que creó un entorno de trabajo intimidante, humillante, hostil u ofensivo, no apto para que pudiera ejecutar sus funciones o tareas de forma normal. Indicó, además, que fue objeto de hostigamiento sexual en el empleo por parte de pacientes que visitaban y frecuentaban el consultorio médico, lo cual fue notificado al patrono.

El 25 de febrero de 2026, la parte recurrida presentó un escrito intitulado *Contestación a Querella*.[2] En este, negaron responsabilidad por despido injustificado y; en esencia, arguyeron que el despido respondió a un patrón de conducta que justificaba la separación de la señora Miranda Torres de su empleo. Solicitando, así, que el TPI declarara *No ha Lugar* a la querella y, en consecuencia, ordenara su desestimación. El referido escrito fue suscrito por el Lcdo. Félix Bartolomei Rodríguez, en representación legal de la corporación Francisco del Río Ferrer, PSC, de la Sra. Lynnette Torres Torres y del Sr. Francisco del Río Ferrer, en conjunto.

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), Entrada núm. 1.
[2] SUMAC TPI, Entrada núm. 8.

Así las cosas, el 27 de febrero de 2026, la señora Miranda Torres presentó una *Urgente Moción de Descalificación por Conflicto de Intereses.*[3] Esta arguyó que la representación legal de la corporación y sus empleados en su carácter personal, conjuntamente, era contraria a lo establecido por nuestro ordenamiento jurídico. Por lo que, a su entender, dicho proceder constituía una violación al Canon 21 de los Cánones de Ética derogados, al aceptar la representación legal simultánea de "dos clientes con intereses contrapuestos". De manera que solicitó la descalificación del Lcdo. Félix Bartolomei Rodríguez.

Luego de varios incidentes procesales, innecesarios pormenorizar, la parte recurrida presentó una *Oposición a Moción de Descalificación de Representación Legal.*[4] En apretada síntesis, y en lo aquí concerniente, adujo que la solicitud carecía de fundamento jurídico y fáctico, toda vez que no existía un conflicto de interés al no ser los representados de una parte adversa entre sí, sino que, por el contrario, compartían una defensa en común en el presente litigio. Asimismo, advirtió que la parte que promueve la descalificación tiene el deber de demostrar la existencia de un conflicto real y sustancial, no meramente especulativo, y que la peticionaria se limitó a presentar planteamientos especulativos que no justificaban la medida drástica solicitada. Finalmente, reiteró que comparten una defensa común, no existía conflicto real ni potencial entre sus intereses y estos han otorgado consentimiento informado para la representación conjunta. Así pues, le solicitó al foro primario que declarara *No Ha Lugar* a la *Urgente Moción de Descalificación por Conflicto de Intereses* incoada por la señora Miranda Torres.

---

[3] SUMAC TPI, Entrada núm. 10.
[4] SUMAC TPI, Entrada núm. 18.

El 16 de abril de 2026, el TPI emitió una *Orden* determinando que el asunto sería discutido en la vista del 29 de abril de 2026.[5]

Llegado ese día, se celebró la vista y se discutió la moción de descalificación del licenciado Bartolomei Rodríguez, representante legal de la parte recurrida. Ese mismo día, el TPI emitió la *Resolución Interlocutoria* impugnada en la que determinó lo siguiente:

> Vista la solicitud de descalificación del Lcdo. Félix Bartolomei Rodríguez, así como la Oposición y lo discutido en la vista celebrada el 29 de abril de 2026, se declara No Ha Lugar a lo peticionado por la parte querellante.

Inconforme, la señora Miranda Torres acudió ante esta *Curia* mediante el presente recurso de *certiorari* imputándole al foro primario la comisión del siguiente error:

> ERRÓ EL TPI AL DENEGAR LA DESCALIFICACIÓN, EXISTIENDO UN CONFLICTO DE INTERESES EN LA REPRESENTACIÓN LEGAL DE LA QUERELLADA.

Examinado el recurso y el expediente apelativo, prescindimos de la comparecencia de la parte recurrida, según nos faculta la Regla 7(B)(5) de nuestro Reglamento, según enmendado, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR ___, (2025).

**II.**

La Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo las Reglas 56 (Remedios Provisionales) y 57 (*Injunction*) de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo; y (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios

---

[5] SUMAC TPI, Entrada núm. 20.

evidenciarios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) <u>casos que revistan interés público</u>; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

Además, aun cuando estén presentes los requisitos de la Regla 52, *supra*, la expedición de un auto de *certiorari* debe evaluarse a la luz de los criterios enumerados por la Regla 40 de nuestro Reglamento, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 63, 215 DPR __ (2025). En lo aquí concerniente, la Regla 40 establece que:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La precitada regla exige que, como foro apelativo, evaluemos si alguna de las circunstancias enumeradas en dicha regla se encuentra presente en la petición. De estar alguna, podemos ejercer nuestra discreción e intervenir con el dictamen recurrido. De lo contrario, estaremos impedidos de expedir el auto, y por lo tanto deberá prevalecer la determinación del foro recurrido. Además, la norma vigente es que un tribunal apelativo solo intervendrá con las determinaciones interlocutorias discrecionales procesales del

tribunal de primera instancia, cuando este haya incurrido en arbitrariedad o en un craso abuso de discreción o en una interpretación o aplicación errónea de la ley. *Pueblo v. Rivera Santiago,* 176 DPR 559, 580-581 (2009).

De otra parte, al tratarse el presente pleito de un procedimiento especial, al amparo de la Ley núm. 2, *supra*, es preciso remitirnos a lo expuesto en dicha ley y a la jurisprudencia interpretativa. El alcance de dicha ley se ha extendido a procesos judiciales relacionados con reclamaciones por: "(1) cualesquiera derechos o beneficios laborales; (2) cualesquiera sumas en concepto de compensación por trabajo o labor realizado; (3) cualesquiera compensaciones en caso de que dicho obrero o empleado hubiese sido despedido de su empleo sin justa causa, o (4) cuando el Legislador lo haya dispuesto expresamente al aprobar otras leyes protectoras de los trabajadores". *Rivera v. Insular Wire Products Corp.*, 140 DPR 912, 922 (1996).

En nuestro ordenamiento se ha reconocido que la naturaleza sumaria de este procedimiento responde a la política pública de "abreviar el procedimiento de forma que sea lo menos oneroso posible para el obrero". *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 492 (1999). Por ello, **solo se ha permitido que este tribunal revise resoluciones interlocutorias** provenientes de un procedimiento sumario al amparo de la referida ley **cuando dicha resolución sea dictada sin jurisdicción, de forma *ultra vires* o en casos extremos, en los cuales los fines de la justicia requieran la intervención de este tribunal**. *Íd.*, pág. 498 Nuestro Tribunal Supremo ha sido enfático respecto a este punto en diversas ocasiones. *Alfonso Brú v. Trane Export, Inc.*, 155 DPR 158, 171 (2001); *Aguayo Pomales v. R & G Mortg.*, 169 DPR 36, 45-46 (2006) y en el más reciente *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723 (2016). La razón de ser de esta norma general de

abstención es evitar dilaciones que normalmente las revisiones de determinaciones interlocutorias conllevan, lo que precisamente derrotaría el fin perseguido por el procedimiento sumario. *Dávila, Rivera v. Antilles Shipping, Inc.*, supra, pág. 498.

**III.**

En esencia, la peticionaria expuso que el TPI erró al denegar la descalificación del licenciado Bartolomei Rodríguez, ya que, a su entender, existe un conflicto de intereses en la representación legal de los recurridos.

Del derecho antes expuesto surge claramente que este foro revisor únicamente tiene la facultad de revisar resoluciones interlocutorias emitidas en litigios, bajo el procedimiento sumario de reclamaciones laborales, cuando se trate de determinaciones dictadas *ultra vires* o sin jurisdicción o en caso de que existan circunstancias extremas en las que se requiera nuestra intervención a los fines de la justicia.

Apuntalamos, además, que según resuelto en *Job Connections Center v. Sups. Econo*, 185 DPR 585 (2012), la determinación de derecho del tribunal de instancia de descalificar a un abogado es revisable conforme con la Regla 52.1 de las de Procedimiento Civil, *supra*, ya que esperar a una apelación constituiría un fracaso irremediable de la justicia. El Tribunal Supremo reiteró, además, que es una decisión impregnada de un alto grado de discreción que tiene dicho foro en el manejo procesal de un caso. Sin embargo, aclaró que dicha discreción no es óbice para que los foros apelativos revisen estas determinaciones debido a las consecuencias reales que pueden tener las mismas. Por lo que, decretó que los tribunales apelativos están **llamados a revisar la decisión sobre la descalificación si se demuestra que hubo un craso abuso de discreción, que el foro primario actuó con prejuicio o parcialidad, que se equivocó en la interpretación o aplicación**

**de cualquier norma procesal o de derecho sustantivo, y que la intervención en esa etapa evitará un perjuicio sustancial.** (citas omitidas) (Énfasis nuestro).

Por otra parte, los argumentos planteados por la señora Miranda Torres para promover la descalificación del licenciado Bartolomei Rodríguez no se ajustan a lo dispuesto en las Reglas de Conducta Profesional de Puerto Rico, promulgadas el 17 de junio de 2025, *In re Rs. Conducta Prof. PR*, 2025 TSPR 64, 216 DPR ___ (2025).

Por tanto, examinado el recurso que nos ocupa, al palio de las normativas relativas a la descalificación de abogados, de la Regla 40 de nuestro Reglamento, *supra*, y de la interpretación jurisprudencial de la Ley núm. 2, *supra*, determinamos que están ausentes los criterios específicos de cada una de estas fuentes de derecho apelativo, lo que nos impide ejercer nuestra discreción e intervenir con el dictamen recurrido.

**IV.**

Por los fundamentos antes expuestos, denegamos la expedición del auto de *certiorari* solicitado.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


                    LCDA. LILIA M. OQUENDO SOLÍS
                    Secretaria del Tribunal de Apelaciones